IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 3:09-501-JFA |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MATTHEW BARRINGTON GWYN | ) | |
| | ) | |
| _____ | ) | |

This matter is before the court upon the motion of the defendant, Matthew Barrington Gwyn, for the issuance of a writ of audita querela, pursuant to the All Writs Act, 28 U.S.C. § 1651(a) (2006). In his motion, Gwyn argues that because state misdemeanor charges have been dismissed and because, arguably, these charges (which were then pending at the time), were improperly used to enhance his sentence, he should be sentenced anew. The government has responded and opposes the motion. For the reasons which follow, the court will deny the motion.

Gwyn and four co-defendants were charged with being members of a drug related conspiracy. Eventually, in February 2010, Gwyn entered a guilty plea to the lesser included offense of Count 1 (conspiracy to possess with intent to distribute 5 grams or more of crack cocaine and 500 grams or more of cocaine). He was allowed to continue on bond. While on bond awaiting sentencing, Gwyn was arrested by the South Carolina Highway Patrol for driving under the influence, open container, and hit and run—striking fixtures on the highway. These charges all arose from a traffic accident involving Gwyn wherein he drove

1

his truck into a ditch and struck a highway fixture. The Trooper who responded to the scene found the truck abandoned with no driver and open containers of beer in plain view inside the vehicle. A witness to the accident advised the Trooper that the driver had tried to move the truck out of the ditch and eventually fled on foot. Another citizen informed law enforcement that a man was seen running from the truck through a backyard which backs up to Gwyn's residence. Troopers eventually located Gwyn at his residence which was approximately 1.2 miles from the scene of the accident. At the time, Gwyn's physical appearance and dress matched the description provided by the witnesses; he had minor cuts on his hand and a cut above his left eye and was very unsteady on his feet and unable to maintain his balance. Moreover, his eyes were red and bloodshot and there was a strong odor of alcohol present. Gwyn refused a Breathalyzer examination. After the state charges were brought, Gwyn was again released on bond for those state charges.

Because of the state law charges, Gwyn's federal bond was revoked and Gwyn was remanded into custody. Gwyn requested a hearing and a bond revocation/forfeiture estreatment hearing was held by this court in August 2010. At this hearing, the government had the arresting officer, a South Carolina Highway Patrol Trooper, present for the hearing, but defense counsel agreed to the basic factual presentation surrounding the state charges so that no testimony was taken. This court found that Gwyn had violated the conditions of his federal bond and ordered the bond estreated in the amount of $1,000.

The following October 2010, Gwyn was sentenced by this court. At the sentencing hearing, Gwyn raised two objections to the Presentence Report (PSR). First, he challenged the probation officer's failure to give him a reduction in his offense level for acceptance of responsibility. He also filed a variance motion. Central to the issue of acceptance of responsibility was the then-pending state traffic violations against Gwyn. Ultimately, this court determined that out of an abundance of caution, it would not hold Gwyn accountable for driving under the influence or other major violations and simply determined that he had left the scene of an accident, a violation of state law. This fact alone was sufficient to deny Gwyn a reduction for acceptance of responsibility.

After this court sentenced Gwyn, the State of South Carolina nolle prossed the three misdemeanor magistrate level charges. That prompted Gwyn to file the present motion suggesting that his sentence was flawed because the state charges which were pending at the time this court imposed his sentence, have now been resolved favorably to him.

As the government points out in its brief, a determination of acceptance of responsibility is a factual determination made by the district court based upon the facts before it at sentencing. The district court makes its own determination of the facts and is not bound by whether or not there was a state conviction stemming from the incident. In this case, as a matter of fact, at the time of Gwyn's sentencing, the state charges were still pending.

The government suggests the reason the State of South Carolina chose to abandon the state law claims was the State's reliance upon the fact that this court sentenced Gwyn to a

3

fairly lengthy prison term and that it would serve no useful purpose to add a state sentence to the federal sentence that Gwyn faced. Although the government urges this fact upon the court, the court cannot determine from the government's brief alone the motivation of the State of South Carolina for dropping the charges.

That having been said, however, the fact remains that at the time Gwyn was sentenced in this court, he had state charges pending against him. This court took a conservative approach and only held Gwyn accountable for leaving the scene of an accident, but that was sufficient to deny him acceptance of responsibility. As noted above, the government had a state Trooper present and willing to testify at the bond hearing, but when defense counsel stipulated the basic factual underpinning of the charges, there was no need for the court to receive testimony.

The District of Kansas faced a similar situation in *United States v. Forsythe*, 985 F. Supp. 1047 (D. Kan. 1997). That court determined that the mere fact that the state charges were dismissed did not establish that the charges were baseless. Nor did it bar the government or the court from considering the underlying conduct in making a decision upon acceptance of responsibility and substantial assistance.

In like manner here, Gwyn's state charges were in fact pending and this court made a factual determination that at least one of them had merit. Accordingly, there was no error in this court's denial of Gwyn's effort to reduce his total offense level of responsibility. Accordingly, the defendant's motion (ECF No. 1587) is denied.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

January 23, 2012  Joseph F. Anderson, Jr.
Columbia, South Carolina  United States District Judge